UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ANDREE STOTLE,

       Plaintiffs,

 -against-

DOUBLETREE CORPORATION, HILTON HOTELS
CORPORATION and SCENTAIR TECHNOLOGIES.

       Defendants.
----------------------------------------------------------------X

Civil Action No.: 07-cv-04184
(SLT) (JMA)

**VERIFIED ANSWER**

**This Answering Defendant Demands a Trial by Jury**

 The defendant, SCENTAIR TECHNOLOGIES, by its attorneys COHEN, KUHN & ASSOCIATES, answering the plaintiff's complaint herein, respectfully alleges, upon information and belief, as follows:

### ANSWERING THE ALLEGATIONS OF THE COMPLAINT

 **FIRST:** The defendant denies knowledge or information thereof sufficient to form a belief as to the allegations contained in the paragraphs designated "1", "2", "3", "5", "6", "12", "17" AND "19" of the verified complaint.

 **SECOND:** The defendant denies the allegations contained in the paragraphs designated "4", "7", "8", "9", "10", "11", "13", "14", "15", "16", "17", "18", "20" and "21" of the verified complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

 **THIRD:** Upon information and belief, that any damages allegedly sustained by the plaintiffs were caused or contributed to in whole or in part by the plaintiffs' own

culpable conduct, carelessness, recklessness and negligence, and if any judgment is recovered against the defendant, said judgment should be apportioned and reduced by the percentage of the plaintiffs' culpable conduct and negligence contributing thereto.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**FOURTH:** Upon information and belief, that the third party defendant asserts that this case falls within limited liability and that the liability of the answering defendant, if any, shall be limited to its equitable share of the total liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**FIFTH:** Upon information and belief, that any past or future costs or expenses incurred or to be incurred by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty, be replaced or indemnified in whole or in part from a collateral source.

If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiffs have or shall receive from such collateral sources.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**SIXTH:** Upon information and belief, that the third party complaint fails to state a cause of action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**SEVENTH:** Upon information and belief, to the extent that the complaint purports to set forth any cause of action based on breach of express or implied warranties contained in the Uniform Commercial Code, such claim is barred for the failure by the plaintiffs to give notice of the nature of said breach to the answering defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**EIGHTH:** Upon information and belief, if the plaintiffs' sustained the injuries and damages alleged in their complaint, then such injuries were not the result of the answering defendant's action or inaction because the product complied with the industry and/or government safety and performance standards relating to its design and provided warnings.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**NINTH:** Upon information and belief, if plaintiffs sustained the injuries and damages alleged in their complaint, then such injuries were not the result of the answering third party defendant's action or inaction because the product was designed, developed and distributed in accordance with the state of scientific and technical knowledge at the time of its manufacture and/or sale.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**TENTH:** Upon information and belief, plaintiffs may not recover for alleged damages in this action as the manufacturer/distributor/retailer disclaimed all warranties of merchantability and fitness for a particular purpose.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**ELEVENTH:** Upon information and belief, if plaintiffs sustained the injuries alleged in their complaint, then such injuries were not the result of the answering defendant's action or inaction, but rather were the result of intervening and/or superceding acts or occurrences over which the third party defendant did not have control.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**TWELFTH:** Upon information and belief, to the extent that the complaint purports to set forth any cause of action based on breach of express or implied warranties contained in the Uniform Commercial Code, such claim is barred as plaintiffs do not fit within the category of a third-party beneficiary or beneficiaries.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

**THIRTEENTH:** Upon information and belief, all the risks and dangers connected with the circumstances surrounding the loss alleged in the complaint were open, obvious and apparent and were known to, and assumed by, the plaintiffs herein.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

**FOURTEENTH:** Upon information and belief, if plaintiffs sustained the injuries and damages alleged, then said injuries and damages resulted from plaintiffs' misuse or abuse of the product, in such a manner as was not, and could not, reasonably be anticipated by this answering defendant.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

**FIFTEENTH:** Upon information and belief, plaintiff failed to exercise such reasonable care as would have disclosed any alleged defects and danger.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

**SIXTEENTH:** Upon information and belief, if there were any defects, they were not reasonably discoverable by this answering defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

**SEVENTEENTH:** Upon information and belief, the plaintiff failed to properly incorporate the subject ingredients or parts therein.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

**EIGHTEENTH:** Upon information and belief, any injuries or damages allegedly sustained by the failure of the plaintiffs to mitigate said injuries or damages, and if any judgment is recovered against the third party defendants, said judgment should be apportioned and reduced by the percentage of the failure by the plaintiffs to mitigate said injuries or damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

**NINTEENTH:** Upon information and belief, the defendant(s) assert(s) that this case falls within the limited liability provisions of CPLR 1601 of the Civil Practice

Law and Rules, and that the liability of the defendant(s), if any, shall be limited to its equitable share of the total liability.

**WHEREFORE**, the cross-claiming defendant, *SCENTAIR TECHNOLOGIES*, herein demand judgment dismissing the plaintiff's complaint or, in the event that plaintiff recover any sum of money against the cross-claiming defendant, then said defendant demands judgment over against co-defendants on the cross-claims as to any such amount, together with all attorneys' fees, costs and disbursements.

Dated: New York, New York
November 27, 2007

                                        **COHEN, KUHN & ASSOCIATES**

                                        By:_____
                                          JAMES V. SAWICKI (JS 5351)
                                          Attorneys for Defendant,
                                          SCENTAIR TECHNOLOGIES
                                          Two Park Avenue, 6th Floor
                                          New York, New York 10016
                                          (212) 553-8300/cnw
                                          File No: YRV L 27451

To:
LAW OFFICE OF HOWARD BLAU
Howard Blau, Esq.
222 East 48th Street
New York, NY 10017

LAW OFFICE OF STEWART H. FRIEDMAN
*Attorneys for Defendants, Doubletree Corporation and Hilton Hotels*
One Hollow Lane – Suite 316
Lake Success, NY 11042

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                        ) SS:
COUNTY OF NEW YORK      )

JAMES V. SAWICKI, being duly sworn, deposes and says:

I am an attorney associated with the firm of COHEN, KUHN & ASSOCIATES, the attorneys of record for defendants in the within action.

I have read the foregoing <u>VERIFIED ANSWER TO COMPLAINT</u> and know the contents thereof.

The same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

This verification is made by deponent and not by defendant as defendant does not reside in New York County.

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

*Review of File Contents*

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: New York, New York
       November 27, 2007

JAMES V. SAWICKI (JS 5351)

## AFFIDAVIT OF SERVICE BY MAIL

State of New York   )
                    ) ss.
County of New York  )

  Christine N. Washington, being duly sworn, deposes and says that she is employed in the law office of <u>COHEN, KUHN & ASSOCIATES</u> at Two Park Avenue, 6th Floor, New York, New York 10016, that deponent is not a party to this action and is over eighteen years of age and that on the 4th day of December, 2007, she served the annexed **NOTICE OF APPEARANCE, VERIFIED ANSWER TO THIRD PARTY COMPLAINT, DEMAND FOR FIRST SET OF INTERROGATORIES OF DEFENDANT, NOTICE TO PRODUCE, NOTICE TO PRODUCE EXPERTS, DEFENDANT'S INTERESTED PARTIES STATEMENT PURSUANT TO RULE 1.9 AND NOTICE FOR DEPOSITIONS** upon:

**LAW OFFICE OF HOWARD BLAU**
**Howard Blau, Esq.**
*Attorney for Plaintiff*
222 East 48th Street
New York, NY 10017

**LAW OFFICE OF STEWART H. FRIEDMAN**
*Attorneys for Defendants, Doubletree Corporation and Hilton Hotels*
One Hollow Lane – Suite 316
Lake Success, NY 11042

in this action, by depositing a true copy thereof properly and securely endorsed in a duly postpaid wrapper, in a Post-office box in the County of New York, State of New York regularly maintained by the government of the United States at Two Park Avenue, 6th Floor, New York, New York 10016 and under the care of the New York, New York Post-Office, which is the Post-Office of COHEN, KUHN & ASSOCIATES, attorneys for the Defendant, Scentair Technologies, herein, directed to the addresses shown above. That being the address within the State designated by said attorneys for that purpose upon the last preceding papers in this action.

                _____
                Christine N. Washington

Sworn to before me this
4th day of December, 2007

_____
NOTARY PUBLIC

**JOAN MARIE SNYDER**
**Commissioner of Deeds**
City of New York No. 4-4073
Certificate filed in Queens County
Commission Expires Jan. 1, 2009